IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                   CASE NO.: 1:02-CR-024-SPM

BRYAN TAYLOR,

    Defendant.

_____/

**ORDER DENYING MOTION TO REDUCE UNDER 18 U.S.C. § 3582**

    This cause comes before the Court on Defendant's motion to reduce sentence (doc. 416) under 18 U.S.C. § 3582(c) and the retroactive crack cocaine amendment (Amendments 706 and 711).

    Upon review, the Court finds that Defendant is not entitled to a sentence reduction. Defendant's current sentence of imprisonment is the result of a violation of his supervised release. Application Note 4(A) to the United States Sentencing Guidelines Section 1B1.10 provides that "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." See also 18 U.S.C. § 3582(c)(2) ("[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). Therefore, the amendment to the

crack guidelines does not apply to his particular situation.  Accordingly, it is

ORDERED AND ADJUDGED that the motion for reduction of sentence (doc. 416) is *denied*.

DONE AND ORDERED this <u>first</u> day of May, 2008.

<u>  s/ Stephan P. Mickle            </u>
Stephan P. Mickle
United States District Judge May 1, 2008